JOHN MENDLOVITZ, PLAINTIFF-APPELLANT, v. ANDREW NOVAKY AND STEPHEN NOVAKY, PARTNERS, TRADING AS NOVAKY BROTHERS, DEFENDANTS-APPELLEES.

Decided July 31, 1924.

**Negotiable Instruments—Series of Notes Given in Payment of a Single Bill of Goods—Passage Into Hands of Innocent Bona Fide Holder for Value—Error for Trial Judge Apply Rule that Suing on One Note Separately was Splitting Original Cause of Action.**

On appeal from the Perth Amboy District Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Jacob B. Joselson.*

For the appellees, *David T. Wilentz.*

PER CURIAM.

There was a judgment given by the judge of the Perth Amboy District Court in favor of the defendant and against the plaintiff, from which judgment the plaintiff appeals.

The state of the case agreed upon between the counsel of the respective parties discloses the following facts:

"The action was to recover the amount due on a certain promissory note dated at Perth Amboy, New Jersey, March 10th, 1923, due in four months from date, payable to the order of the New York Casing Company at the Raritan Trust Company, at Perth Amboy, New Jersey, made by the defendants-appellees, in the sum of two hundred and seventy-eight dollars and fifty cents ($278.50), with interest, which promissory note was transferred by the New York Casing Company to John Mendlovitz, the plaintiff-appellant, an innocent *bona fide* holder for value before maturity, and which note was protested for non-payment on its due date.

"The New York Casing Company sold a bill of goods to Stephen Novaky and Andrew Novaky, partners, trading as Novaky Brothers, on or before March 10th, 1923; that in payment of said bill, Novaky Brothers gave to the said New York Casing Company a series of three promissory notes, all bearing date of March 10th, 1923, all in like amount of $278.50, the first note being due three months from date, the second being due four months from date and the third being due five months from date; that the New York Casing Company, before their due date, transferred all the notes to John Mendlovitz, the plaintiff-appellant, before maturity, and that the said John Mendlovitz was and is an innocent *bona fide* holder for value of all of said notes.

"That on July 24th, 1923, an action was commenced in the Perth Amboy District Court by the said John Mendlovitz against the defendants-appellees, to recover the amount due on the note due June 11th, 1923, and judgment was recovered thereon on November 26th, 1923; that said judgment has not yet been fully satisfied. On November 30th, 1923, an action was commenced by the said John Mendlovitz against the makers of the note, the present defendants-appellees, in the Perth Amboy District Court, to recover the moneys due on the note due July 10th, 1923, which action is case No. 16999 in the Perth Amboy District Court files. Said note was duly protested, has not been paid, and is the second of the notes above referred to.

"That the defendant's attorney moved that a judgment be rendered for the defendant on the ground that the notes mentioned were given in payment of one sale or transaction, and that the action on the note in question was barred because it become due on July 10th, 1923, which was at a time prior to the commencement of the action on the note due June 11, 1923, upon which action was instituted on July 24th, 1923, and on which judgment was recovered on November 26th, 1923. That the judge held that as the two notes were due before July 24th, 1923, and were given in payment (together with one other note) of one bill of goods

or transaction, that the plaintiff in suing on each note separately was splitting the original cause of action and was barred from bringing suit on the second note, since "all claims or causes of action arising out of the same transaction or contract must be included in one suit, or all that are not so included will be deemed to be waived."

The trial judge fell into error. He applied a familiar legal rule to a state of facts which did come within the scope of the rule. We are not concerned with the proposition whether or not the vendors of the goods were entitled to sue the vendee on each separate note given in the transaction of the sale, even though all of the notes were due at the time the first note was sued upon, because no such case is before us.

On what sound legal theory an "innocent *bona fide* holder for value," as was the plaintiff, who purchased the three notes before maturity, can properly have impressed upon him a legal obligation which primarily rested upon the original holders of the notes arising out of the single sale of goods by them to the vendee, who executed the three notes in question, has not been demonstrated. Whatever may have been the legal situation as existing between the original holders of the notes, we are of the opinion that the three notes constituted three separate and distinct obligations so far as the plaintiff, the purchaser of the notes, was concerned, and upon which he could properly maintain separate actions, even though all of the notes were due at the time.

Judgment is reversed and a *venire de novo* awarded.